**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL R. POMPEO, in his official capacity as United States Secretary of State,[1]<br><br>and<br><br>DAVID S. FERRIERO, in his official capacity as Archivist of the United States,<br><br>Defendants. | Case No. 1:16-cv-02145 (TNM) |

## MEMORANDUM OPINION

In this suit, Cause of Action Institute invokes the Federal Records Act as grounds for requiring the Defendants—the Secretary of State and the Archivist of the United States—to enlist the Attorney General's help in recovering work-related emails that former Secretary of State Colin Powell exchanged using an AOL email account. I denied the Government's first motion to dismiss—despite its claim that further searching for the emails would futile—reasoning that search efforts thus far had been anemic, and that the Plaintiff had shown a substantial likelihood that the emails could be recovered. *Cause of Action Inst. v. Tillerson*, 285 F. Supp. 3d 201, 208-09 (D.D.C. 2018). But the Defendants have since engaged in significant additional efforts to find the emails, ultimately securing detailed assurances from both Secretary

---

[1] Michael R. Pompeo became the Secretary of State on April 26, 2018. He automatically becomes one of the named Defendants under Federal Rule of Civil Procedure 25(d).

Powell and AOL's successor company that recovery of the emails is technologically impossible. I therefore conclude that the case is moot, since it is only speculation to think that referral to the Attorney General might remedy the Plaintiff's inability to access Secretary Powell's emails through the Freedom of Information Act (FOIA). I will grant the Government's Motion to Dismiss.

## I. BACKGROUND

Under the Federal Records Act and accompanying regulations, work-related emails that Secretary Powell exchanged on a personal email account constitute federal records. *Cause of Action Inst.*, 285 F. Supp. 3d at 203; *see* 44 U.S.C. § 3301; 5 FAM 415.1 (Sept. 17, 2004). The Plaintiff has filed two FOIA requests seeking these emails, and all parties agree that they remain substantially unrecovered. Compl. ¶ 2, ECF No. 1; Answer ¶ 2, ECF No. 27 (excepting any emails already preserved on State Department systems). When the head of a federal agency "knows or has reason to believe" that federal records "have been unlawfully removed" from agency custody, he has a duty to "initiate action through the Attorney General for the recovery of [the] records." 44 U.S.C. § 3106(a). If the agency head fails to do so "within a reasonable period of time," the Archivist must do the same. *Id*. § 3106(b). If the agency head and the Archivist ignore the statute, private litigants may sue under the Administrative Procedure Act to enforce it. *Armstrong v. Bush*, 924 F.2d 282, 295-96 (D.C. Cir. 1991).

The Defendants have not initiated action through the Attorney General for the recovery of Secretary Powell's missing emails. At first, they were satisfied with assurances from AOL's General Counsel, reported by Secretary Powell's personal representative, that the emails no longer exist on AOL's system. *Cause of Action Inst.*, 285 F. Supp. 3d at 204. Because "every plaintiff must satisfy the 'irreducible constitutional minimum' of Article III standing: injury-in-

fact, causation, and redressability," *Shaw v. Marriott Int'l, Inc.*, 605 F.3d 1039, 1042 (D.C. Cir. 2010) (citation omitted), the Government sought dismissal of the Plaintiff's suit for lack of redressability. *Cause of Action Inst.*, 285 F. Supp. 3d at 202. After I denied that motion, *id.* at 23, the Plaintiff moved for summary judgment. Pl.'s Mot. Summ. J. The Government then requested additional time to respond, which I granted, to enable more extensive efforts to obtain the emails. *See* Minute Order of Feb. 16, 2018.

First, the State Department sent a letter to Secretary Powell in February 2018, asking him to provide written confirmation that he had no personal access to the emails, plus written authorization to seek the emails directly from AOL. Decl. of Joshua L. Dorosin (Dorosin Decl.) Ex. M, ECF No. 32-2 at 40. Secretary Powell provided the requested letters. In the first, he stated "under penalty of perjury" that (a) he did not "have possession of or access to any federal records . . . that may not otherwise be preserved in the [State] Department's record-keeping system;" (b) he did not "have possession of or access to any laptops or any other devices [he] used to send, receive, or access work-related email using a personal email account;" (c) he "did not use any non-governmental email accounts other than the AOL account;" and (d) he was "not aware of any locations outside of the [State] Department's record-keeping systems where work-related emails sent or received via [his] personal email account may exist." Dorosin Decl. Ex. N, ECF 32-2 at 43. In the second, Secretary Powell gave the State Department written permission to obtain from "Oath Inc, formerly known as AOL," any emails sent or received on his former AOL email account. Dorosin Decl. Ex. O, ECF No. 32-2 at 45.

Next, the Goverment contacted Oath in March 2018, asking for written confirmation that Secretary Powell's emails could not be recovered, and for an explanation as to whether it would be "technologically possible to recover them (and if not, why)." Dorosin Decl. Ex. P, ECF No.

32-2 at 47. Later in March, Oath replied with a letter and an email. The Senior Manager for Oath's Law Enforcement Response Team, Karen Vukson, sent a letter stating:

> Despite a diligent search, we have found no email content related to the AOL account of [Secretary Powell's email address]. This includes mail sent to, received by, or stored in the account. This was determined by a thorough search of all mail storage databases maintained by Oath Inc. The search included both the active mailbox database and short-term temporary storage for accounts that are in an inactive or closed state. Furthermore, it is not technologically possible to recover any of the data being sought as it has been several years since the email content was removed from the Oath network of databases.

Dorosin Decl. Ex. Q, ECF No 32-2 at 49.

Oath's Deputy General Counsel, Jeffrey Novak, also sent an email stating:

> As confirmed to House Committee staff previously, AOL does not have any emails from the period of Secretary Powell's service at the Department of State.
>
> This is not unusual. During this time period, there were several automated network storage settings on AOL email accounts including a limitation on the storage of emails in the New (unread emails) folder and time-limited storage/automatic deletion of emails in the Old (read emails) and Sent folders. The initial default retention period for read emails was 7 days; that was later adjusted to 30 days. The default retention period for sent emails was 30 days. Users could store email indefinitely in a Personal Filing Cabinet on the user's hard drive or by manually moving the email to a personal network folder. However, we are unable to determine from our records whether a user has elected to store information in a Personal Filing Cabinet.

Dorosin Decl. Ex. R, ECF No. 32-2 at 51.

Armed with this evidence, the Government moved to dismiss, contending that the case is now moot. Def.'s Mot. Dismiss or for Summ. J. In the alternative, the Government seeks summary judgment, claiming that it has satisfied the Federal Records Act. *Id*. Cause of Action maintains that it is still entitled to summary judgment. Pl.'s Reply, ECF No. 34.

## II.     LEGAL STANDARDS

"In general, a case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013). This may occur when a plaintiff obtains everything that it seeks, and so a court order could provide nothing more. *Judicial Watch, Inc. v. Kerry*, 844 F.3d 952, 954 (D.C. Cir. 2016) (*Judicial Watch I*). But in this context, when the Defendants refuse to give the Plaintiff the relief sought—referral to the Attorney General—the case is not moot unless the Defendants establish that "the requested enforcement action could not shake loose a few [] emails." *Judicial Watch I*, 844 F.3d at 955. In other words, the Government must "establish . . . fatal loss" of the federal records at issue. *Id*. at 956.

Although *Judicial Watch I* did not elaborate on the meaning of "fatal loss," the difference between that standard—set forth in the mootness context—and the appropriate standard in the standing context is "almost inconsequential." *Cause of Action*, 285 F. Supp. 3d at 207. As I explained in denying the Government's original motion to dismiss, a case is moot if at any point the plaintiff lacks standing. *Id*. at 207-08 (citing *Garden State Broad. Ltd. P'ship v. FCC*, 996 F.2d 386, 394 (D.C. Cir. 1993)). A plaintiff lacks standing if it is "merely speculative" rather than "likely" that a decision in the plaintiff's favor would redress the alleged injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (citation omitted). To satisfy this "likely" standard, there must be a "substantial likelihood" of redress from a favorable ruling. *Cause of Action*, 285 F. Supp. 3d at 205.

In sum, the Government bears the burden of establishing fatal loss of these records, and thus mootness. *Judicial Watch*, 844 F.3d at 955-56; *Motor & Equip. Mfrs. Ass'n v. Nichols*, 142 F.3d 449, 459 (D.C. Cir. 1998) ("The burden of establishing mootness rests on the party that

5

raises the issue."). It can accomplish this only if it shows that it is speculative rather than likely that referral to the Attorney General will obtain any of Secretary Powell's missing work-related AOL emails. *Cause of Action*, 285 F. Supp. 3d at 207-08. If there is a "substantial likelihood" that the Attorney General could find some emails, the case is not moot.

### III. ANALYSIS

Here, the Government's evidence satisfies that high bar. Secretary Powell has personally signed a statement, under penalty of perjury, eliminating himself and any of his devices as sources for the missing emails. Dorosin Decl. Ex. N, ECF 32-2 at 43. Neither can the emails be obtained directly from the service provider. Oath Inc., the successor company to AOL, has explained that it is "not technologically possible to recover any of the data being sought." Dorosin Decl. Ex. Q, ECF No 32-2 at 49. Oath reached this conclusion after searching "all mail storage databases maintained by Oath Inc," including "both the active mailbox database and short-term temporary storage for accounts that are in an inactive or closed state." *Id*. "It has been several years since the email content was removed from the Oath network of databases," *id*., because of network settings in effect for "AOL email accounts." Dorosin Decl. Ex. R, ECF No. 32-2 at 51. To the best of its knowledge, Oath "does not have any emails from the period of Secretary Powell's service at the Department of State." *Id*. That sounds like fatal loss. I credit the statements of information technology executives about the retrievability of emails on their servers.

Cause of Action does not contest most of these facts. It admits that "this Court has long known that Secretary Powell no longer has access to his AOL account or the devices he used during his tenure at the State Department," and omits any argument that Secretary Powell could himself be a source of lost emails. Pls.' Reply at 6. Instead, its core contention is that the

Defendants have "never explained" why forensically searching "the physical servers on which AOL's databases are housed," would fail to find some missing emails. Pls.' Reply at 6-8. But that solution—forensically searching the physical servers of a large company—would be like embarking on a search "for specific grains of sand on a beach," *Judicial Watch, Inc. v. Tillerson*, 293 F. Supp. 3d 33, 44 (D.D.C. 2017) (*Judicial Watch II*), without even knowing if the relevant grains of sand still exist. The Plaintiff has no evidence that Secretary Powell's emails could be found by forensic searches, apart from the fact that forensic searches discovered emails in former Secretary of State Hillary Clinton's case, when "others had believed [them] to be deleted or unrecoverable." *Cause of Action*, 285 F. Supp. 3d at 209. But that case involved forensic searches of a limited set of *personal* servers and devices that Secretary Clinton had used, and "took months." *Judicial Watch II*, 293 F. Supp. 3d at 43–44. Forensically searching an information technology company's servers for AOL data, after Oath's law enforcement team has concluded that *none* of the relevant data is technologically accessible, Dorosin Decl. Ex. Q, ECF No 32-2 at 49, is a wild goose chase and a waste of time. Any such hopes are only speculative.

The rest of the Plaintiff's counter-arguments are even weaker. It contends that the email from Oath's Deputy General Counsel failed "to connect AOL's default settings to Secretary Powell's account in any way," or to give any details about Oath's search methods. Pl.'s Reply 8. But the email began by saying that Oath had none of Secretary Powell's AOL emails, and then explained AOL's network settings for "AOL email accounts." And the purpose of the email was not to explain Oath's search methods; Oath's law enforcement team had already done so in a previous letter. Dorosin Decl. Ex. Q, ECF No 32-2 at 49. Cause of Action also argues that the Government's decision to ask Secretary Powell for permission to access his AOL emails, when that legal authority allegedly already existed, somehow "casts doubt on the adequacy of [the

Government's] efforts." Pl.'s Reply 7.  Even if the Plaintiff is right about the Defendants' existing legal authority, obtaining Secretary Powell's permission merely bolsters that power. And in any event, the State Department *did* contact Oath directly, removing that objection to the adequacy of its search efforts.

By establishing that Secretary Powell's missing emails cannot be obtained through Secretary Powell himself, his devices, or his service provider, the Government has established the fatal loss of these federal records.  Although Cause of Action suggests that the Attorney General could begin a forensic search of Oath's physical servers to find the lost data, success in that endeavor is speculative, not likely.  As with Secretary Clinton's emails, the remote possibility of success is made even more remote because the emails may not exist, and the Government questions whether the Attorney General would have a legal basis for ordering such a search.  *Compare Judicial Watch II*, 293 F. Supp. 3d at 44 *with* Defs.' Cross-Reply at 1, 4. With these federal records apparently fatally lost, I perceive no substantial likelihood that referral to the Attorney General will yield any fruit.  This case is therefore moot, and must be dismissed.[2]

## IV.    CONCLUSION

For these reasons, the Plaintiff's Motion for Summary Judgment will be denied and the Government's Motion to Dismiss will be granted.  A separate order will issue.

Dated: July 20, 2018                                           TREVOR N. MCFADDEN, U.S.D.J.

---

[2] Because of this disposition, I do not reach the Defendants' alternative argument—which my previous opinion rejected in substance—that they are entitled to summary judgment because of full compliance with the Federal Records Act.  *See* Defs.' Cross-Reply 7-8 ("We recognize that the Court has previously rejected the contention that the [statute] requires referral only when an agency has reason to believe that records can be recovered.")